SUSMAN GODFREY L.L.P.

A REGISTERED LIMITED LIABILITY PARTNERSHIP

ONE MANHATTAN WEST

NEW YORK, NEW YORK 10001-8602

(212) 336-8330

FAX (212) 336-8340

WWW.SUSMANGODFREY.COM

_____

| | | |
|---|---|---|
| SUITE 5100 | SUITE 1400 | SUITE 3000 |
| 1000 LOUISIANA STREET | 1900 AVENUE OF THE STARS | 401 UNION STREET |
| HOUSTON, TX 77002-5096 | LOS ANGELES, CALIFORNIA 90067-6029 | SEATTLE, WASHINGTON 98101-2683 |
| (713) 651-9366 | (310) 789-3100 | (206) 516-3880 |

SETH ARD
DIRECT DIAL (212) 471-8354

E-MAIL SARD@SUSMANGODFREY.COM

May 8, 2026

**VIA ECF**

Hon. Lorna G. Schofield
United States District Court
for the Southern District of New York
Thurgood Marshall
United States Courthouse
40 Foley Square, Room 1106
New York, New York 10007

Re:    *BlackOak Life Ltd. v. MetLife Ins. Co.*, No. 1:25-cv-5749

Dear Judge Schofield:

Plaintiff BlackOak Life Limited, as general partner for BlackOak Investors LP ("BOL"), respectfully submits this motion, pursuant to Fed. R. Civ. P. 25(c), to substitute BlackOak Delaware HoldCo LLC, as general partner for BlackOak Delaware HoldCo LP ("BOD"), as the named plaintiff in this action. BOD is the new record owner of the life insurance policy at issue in the operative Class Action Complaint, Dkt. 1.  Defendant Metropolitan Life Insurance Company ("MetLife") does not oppose this motion.

Plaintiff BOL filed the Complaint on July 11, 2025, against MetLife. Dkt. 1. At the time of the filing of the Complaint, Plaintiff BOL was the record owner of a terminated group variable universal life insurance policy (Policy No. 0001878344), issued by MetLife on or about April 1, 2002. Dkt. 1, ¶¶ 11, 26. The Complaint concerned increases to the cost of insurance rates due under that policy. *See id.* ¶¶ 30-35.

Hon. Lorna G. Schofield
May 8, 2026
Page 2

Plaintiff asserts that on November 5, 2025, BOL assigned its ownership interest to BOD. BOL informed MetLife of the change of ownership and primary beneficiary for the Policy to BOD, which was confirmed by MetLife on December 8, 2025. *See* Ex. A.

Because of this change in record ownership, BOL seeks to substitute BOD as plaintiff in place of BOL pursuant to Fed. R. Civ. P. 25(c). Rule 25(c) provides: "If an interest is transferred, the action may be continued by or against the original party unless the court, on motion, orders the transferee to be substituted in the action or joined with the original party." Fed. R. Civ. P. 25(c). The "purpose of Rule 25(c) is to allow a case to continue even when an interest changes hands without requiring a new suit because the 'successor in interest is bound by a judgment against its predecessor even if substitution is not effected.'" *U.S. Sec. & Exch. Comm'n v. Collector's Coffee Inc.*, 451 F. Supp. 3d 294, 297 (S.D.N.Y. 2020) (quoting *Software Freedom Conservancy, Inc. v. Best Buy Co.*, 2010 WL 4860780, at *2 (S.D.N.Y. Nov. 29, 2010)).

Substitution of a successor-in-interest is "within the sound discretion of the trial court." *Organic Cow, LLC v. Ctr. for New England Dairy Compact Rsch.*, 335 F.3d 66, 71 (2d Cir. 2003). "Courts will frequently grant substitution where a party has fully transferred its interest to another person or entity." *U.S. Sec. & Exch.*, 451 F. Supp. 3d at 297-98 (collecting cases).

Plaintiff asserts that BOL no longer possesses record ownership of policy number 0001878344, and that substitution is therefore appropriate. *See Travelers Ins. Co. v. Broadway W. St. Assocs.*, 164 F.R.D. 154, 164 (S.D.N.Y. 1995) ("Rule 25(c) substitution is a procedural mechanism designed to facilitate the continuation of an action when an interest in a lawsuit is transferred . . . ."); *see also Ritz Camera & Image, LLC v. Sandisk*, 2013 WL 3387817, at *2-4 (N.D. Cal. July 5, 2013) (granting Rule 25(c) motion to substitute in putative class action following transfer of interest). This motion is being filed in good faith and will not cause any delay in the case or require adjustment to the case schedule.

To the extent the Court grants this motion, Plaintiff is authorized to represent that the parties have stipulated, and respectfully request that the Court enter an order, as follows:

(a)  BOD will serve initial disclosures by May 18, 2026.

(b)  Any prior written discovery served on or directed to BOL will be treated as served on and directed to BOD.  Notwithstanding the substitution, BOL shall remain obligated to respond to any prior written discovery requests to the extent BOL possesses, has custody of, or has control over any documents or information relating to the Policy or this litigation, including but not limited to any documents or information relating to its prior ownership of the Policy.

Hon. Lorna G. Schofield
May 8, 2026
Page 3

(c) Any prior written discovery served on or directed to MetLife by BOL will be treated as served on and directed to MetLife by BOD.

(d) All objections and responses by BOL will be adopted by BOD and continued in effect, and all agreements concerning those responses and objections previously entered into between the parties will be continued in effect.

(e) To the extent any prior written discovery references BOL, it shall be understood as referring to both BOL and BOD, and discovery may be directed to either or both entities as appropriate.

(f) To the extent that substitution makes it necessary to supplement or amend any responses previously served, that shall be completed by May 18, 2026. This supplementation will include, without limitation, non-privileged communications related to the transfer of the Policy to BOD.

Plaintiff respectfully requests the Court grant this motion substituting BlackOak Delaware HoldCo LLC, as general partner for BlackOak Delaware HoldCo LP, as plaintiff in place of BlackOak Life Limited, as general partner for BlackOak Investors LP. Plaintiff further requests that this Court enter an order that this case shall now proceed under the caption, *BlackOak Delaware HoldCo LLC, as general partner for BlackOak Delaware HoldCo LP v. Metropolitan Life Insurance Company*, No. 1:25-cv-5749-LGS (S.D.N.Y.).

Respectfully submitted,

*/s/ Seth Ard*
Seth Ard
Counsel for BlackOak Life Ltd.

Copy to:
*Stacey J. Rappaport, Counsel for Defendant Metropolitan Life Insurance Company*

Application **GRANTED**. BlackOak Delaware HoldCo LLC, as general partner for BlackOak Delaware HoldCo LP, is substituted as plaintiff in place of BlackOak Life Limited, as general partner for BlackOak Investors LP. The underlined stipulations are **So Ordered**. The case shall proceed under the caption **BlackOak Delaware HoldCo LLC, as general partner for BlackOak Delaware HoldCo LP v. Metropolitan Life Insurance Company**.

The Clerk of Court is respectfully directed to close the motion at Dkt. 44 and update the caption of the case.

Dated: May 11, 2026
    New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE