**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| BLACKOAK DELAWARE HOLDCO LLC, as general partner for BLACKOAK DELAWARE HOLDCO LP, on behalf of itself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>METROPOLITAN LIFE INSURANCE COMPANY,<br><br>Defendant. | CASE NO. 1:25-cv-5749-LGS<br><br>**CLASS ACTION**<br><br>**~~[PROPOSED]~~ PROTECTIVE ORDER**<br><br>So Ordered with a modification to Section 12.<br><br>Dated: July 30, 2026<br>New York, New York<br><br>LORNA G. SCHOFIELD<br>UNITED STATES DISTRICT JUDGE |

LORNA G. SCHOFIELD, U.S.D.J.

The Plaintiff and Defendant, each a "Party" to the above-captioned action ("Action"), having agreed to the following terms of confidentiality, and the Court having found that good cause exists for issuance of an appropriately tailored confidentiality order governing the pre-trial phase of the Action, it is therefore hereby:

**ORDERED** that any person subject to this Protective Order—including without limitation the parties to the Action, including all of their officers, directors, and employees ("Parties"), the Parties' representatives, agents, experts, and consultants, all third parties providing discovery in the Action ("Third Parties"), and all other interested persons with actual notice of this Protective Order—shall adhere to the following terms:

1. Regarding any "Discovery Material" (*i.e.*, all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that heretofore have been or are in the future produced or generated in disclosures or responses to discovery in the Action) that is designated as

"CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to the terms of this Protective Order ("Protected Material"), any Party who receives such Protected Material ("Receiving Party") shall not disclose such Protected Material to anyone else except as expressly permitted hereunder.

2. A Party or Third Party producing any given Discovery Material in the Action ("Producing Party") may designate as "CONFIDENTIAL" such material that consists of:

a. proprietary or commercially sensitive business and financial information;

b. trade secrets;

c. previously nondisclosed financial information;

d. previously nondisclosed material relating to ownership or control of any non-public company;

e. previously nondisclosed business plans, product development information, or marketing plans;

f. confidential information of a personal or intimate nature regarding any individual;

g. previously nondisclosed information that otherwise meets the standard for protection set forth in Rule 26(c) of the Federal Rules of Civil Procedure; or

h. any other category of information herein after given confidential status by the Court.

3. A Producing Party may designate as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" such Discovery Material that qualifies as "CONFIDENTIAL" material under this Protective Order, and for which disclosure to another Party would create a substantial risk of serious competitive harm, that could not be avoided by less restrictive means.

4. It is the intent of the Parties that Discovery Material will not be designated as Protected Material for tactical reasons and that nothing will be so designated without a good faith belief that

it has been maintained in a confidential non-public manner, and there is good cause why it should not be part of the public record.

5. With respect to any Discovery Material that qualifies as Protected Material under this Protective Order, other than deposition transcripts and exhibits, the Producing Party or that Producing Party's counsel may designate such material as Protected Material by stamping or otherwise clearly marking it as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in a manner that will not interfere with legibility or audibility. With respect to deposition testimony, deposition exhibits (to the extent not already designated prior to the deposition as Protected Material), and any video recording of a deposition that qualifies as Protected Material, any Party or a Third Party being deposed may designate such material or portions of such material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY by informing the reporter (and videographer, if applicable), on the record during the deposition and by sending, within thirty (30) days after the reporter makes the final uncorrected deposition transcript available to all parties, a written communication to all attorneys of record and to the deposition reporter (and videographer, if applicable) that designates the exhibits to be so restricted, designates by page and line any portions of transcript to be so restricted, or the entire transcript if applicable, and specifies the level of protection asserted. If all or a portion of a proceeding is videotaped, the video recording will have the same level of protection that is designated by a Party for the transcript of the proceeding. Prior to the expiration of the 30-day period referenced above (or until a written designation is made by counsel, if such designation is made in a shorter period of time), the deposition testimony, deposition exhibits (to the extent not already designated as Protected Material before the deposition), and any video recording of the deposition shall be treated in the manner designated on the record during the

deposition. After expiration of such 30-day period (or until a written designation is made by counsel, if such designation is made in a shorter period of time), the deposition testimony, deposition exhibits (to the extent not already designated as Protected Material before the deposition), and any video recording of the deposition shall be treated as "CONFIDENTIAL" OR "HIGHLY CONFIDENTIAL" only to the extent actually designated in writing during the 30-day period. If a Party reasonably expects a deposition, hearing, or other proceeding to include Protected Material, such Party shall give the other Party notice so that the other Party can ensure that only individuals who are authorized to attend and who have signed the Non-Disclosure Agreement (Exhibit A hereto) are present at such deposition, hearing, or other proceeding. The use of a document as an exhibit at a deposition shall not in any way affect its prior designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

6. A Party or Third Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Protective Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" to each page that will be produced. Documents inspected by a Party that are not identified by such Party for copying and production shall remain designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

7. If at any time prior to the trial of the Action, a Producing Party realizes that some portion(s) of Discovery Material that the Producing Party previously produced without limitation should be designated as Protected Material, the Producing Party may so designate by apprising all prior recipients in writing, and providing recipients with replacement documents marked as required under this Protective Order. Thereafter, all persons subject to this Protective Order will treat such Protected Material in accordance with the terms of this Protective Order.

8. Unless otherwise ordered by the Court or permitted in writing by the Producing Party responsible for a given designation ("Designating Party"), no person subject to this Protective Order other than the Producing Party shall disclose any of the Discovery Material designated by the Designating Party as "CONFIDENTIAL" to any other person whomsoever, except to:

a. the Parties;

b. attorneys who are not employees of a Party but are retained to represent or advise a Party and have appeared in the Action on behalf of that Party or are affiliated with a law firm which has appeared at any time on behalf of that Party, including any paralegal, clerical and other assistant employed by such law firm ("Outside Counsel of Record"), to whom disclosure is reasonably necessary for the prosecution or defense of the Action;

c. as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

d. any person whom a Party or Outside Counsel of Record in good faith believes is likely to be called to give testimony in the Action, through deposition, affidavit, or at trial, concerning information contained in Protected Material designated as

"CONFIDENTIAL," provided such person has first signed the Non-Disclosure Agreement (Exhibit A hereto);

e. witnesses during a deposition, hearing or trial in the action; provided, however, that such witnesses have first signed the Non-Disclosure Agreement (Exhibit A hereto);

f. any testifying or consulting experts retained by, or on behalf of, a Party in connection with the Action ("Experts"), provided such persons have first signed the Non-Disclosure Agreement (Exhibit A hereto);

g. professional vendors (*i.e.*, persons or entities that provide litigation support services (*e.g.*, photocopying, court or deposition reporting, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium)) of a Party, including their employees and subcontractors ("Professional Vendors"), to whom disclosure is reasonably necessary for the Action;

h. mock jurors of a Party to whom disclosure is reasonably necessary for the Action and who have first signed the Non-Disclosure Agreement (Exhibit A hereto);

i. any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the Parties to the Action who are engaged in settlement discussions and who have first signed the Non-Disclosure Agreement (Exhibit A hereto);

j. court reporters and their staff in the Action; and

k. the Court and its support personnel in the Action.

9. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, no person subject to this Protective Order other than the Producing Party shall disclose any of the Discovery Material designated by the Designating Party as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to any other person, except to:

a. where the Protected Material designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" ***was produced by Defendant***; Plaintiff's Outside Counsel of Record, to whom disclosure is reasonably necessary for the prosecution or defense of the Action; and such Outside Counsel of Record may disclose the information only to:

i. three attorneys who are employees of Plaintiff ("House Counsel"), who have signed the Non-Disclosure Agreement (Exhibit A hereto);

ii. up to two persons who are officers of, directors of, employees of, or consultants/advisors (in addition to House Counsel) to Plaintiff (i) to whom disclosure is reasonably necessary for the prosecution or defense of the Action, (ii) who have signed the Non-Disclosure Agreement (Exhibit A hereto), and (iii) who do not make decisions regarding the purchase of life insurance policies on the secondary or tertiary market for life insurance policies;

iii. any person whom Plaintiff or Outside Counsel of Record in good faith believes is likely to be called to give testimony in the Action, through deposition, declaration, or at trial, on information contained in Protected Material designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," provided such person has first signed the Non-Disclosure Agreement (Exhibit A hereto);

iv. as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

v. witnesses during a deposition or hearing or trial in the action to whom the disclosure of Protected Material designated as "HIGHLY CONFIDENTIAL –

ATTORNEYS' EYES ONLY" is reasonably necessary (including for impeachment purposes), provided, however, that such witnesses have first signed the Non-Disclosure Agreement (Exhibit A hereto);

vi. Experts, Professional Vendors, and mock jurors of a Party to whom disclosure is reasonably necessary for the Action and who have signed the Non-Disclosure Agreement (Exhibit A hereto);

vii. any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the Parties to the Action who are engaged in settlement discussions and who have first signed the Non-Disclosure Agreement (Exhibit A hereto);

viii. court reporters and their staff in the Action; and

ix. the Court and its support personnel in the Action.

b. where the Protected Material designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" ***was produced by Plaintiff***; Defendant's Outside Counsel of Record, to whom disclosure is reasonably necessary for the prosecution or defense of the Action; and such Outside Counsel of Record may disclose the information only to:

i. three House Counsel for Defendant;

ii. up to two persons who are officers of, directors of, employees of, or consultants/advisors to (in addition to House Counsel) Defendant (i) to whom disclosure is reasonably necessary for the prosecution or defense of the Action, (ii) who have signed the Non-Disclosure Agreement (Exhibit A hereto), and

(iii) who do not make decisions regarding the purchase of life insurance policies on the secondary or tertiary market for life insurance policies;

iii. any person whom Defendant or Outside Counsel of Record in good faith believes is likely to be called to give testimony in the Action, through deposition, declaration, or at trial, on information contained in Protected Material designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," provided such person has first signed the Non-Disclosure Agreement (Exhibit A hereto);

iv. as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

v. witnesses during a deposition or hearing or trial in the action to whom the disclosure of Protected Material designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" is reasonably necessary (including for impeachment purposes); provided, however, that such witnesses have first signed the Non-Disclosure Agreement (Exhibit A hereto);

vi. Experts, Professional Vendors, and mock jurors of a Party to whom disclosure is reasonably necessary for the Action and who have signed the Non-Disclosure Agreement (Exhibit A hereto);

vii. any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the Parties to the Action who are engaged in settlement discussions and who have first signed the Non-Disclosure Agreement (Exhibit A hereto);

viii. court reporters and their staff in the Action; and

ix. the Court and its support personnel in the Action.

10. Recipients of Discovery Material may use such material solely for the prosecution and defense of the Action and any appeals thereto, and not for any business, commercial or competitive purpose or in any other litigation proceeding. No person who examines any Discovery Material shall disseminate orally, or by any other means, any Discovery Material other than as permitted by this Protective Order. Nothing contained in this Protective Order, however, will affect or restrict the rights of any Party with respect to its own documents or information produced in the Action or to documents publicly filed.

11. The Parties agree that they may utilize artificial intelligence ("AI") tools in connection with the review, analysis, and management of any Protected Material in connection with this action, subject to the restrictions herein. A Party may upload Protected Material or input information from Protected Material to a closed (i.e., owned or licensed or not otherwise available to the general public) Generative AI tool (i.e., a tool that leverages complex algorithms to generate human-like text, images, code, and other content) ("Generative AI") to the extent that: (1) the AI tool is operated in a manner that maintains the confidentiality of the Protected Material in accordance with this Order and any ESI order(s); (2) the AI tool and any associated service provider shall not use, access, or retain the Protected Material for any purpose other than to provide the contracted services to the party; (3) the AI tool shall not use the Protected Material to train its models or for any other purpose unrelated to this litigation; (4) the use of the AI tool shall not result in disclosure of Protected Material to any person or entity not otherwise authorized to receive such material under this Order (other than subprocessors of such AI tools where such subprocessors do not retain such material other than ephemerally during subprocessing); and (5) the AI tool is capable of purging, deleting, and/or destroying any Protected Material. Uploading any Protected Material or

inputting data from Protected Material to a closed Generative AI tool that is not compliant with the requirements set forth above constitutes an unauthorized disclosure under this Order. Uploading any Protected Material or inputting data from Protected Material to any open Generative AI tool that is available to the public (e.g., ChatGPT), or any substantially similar tool, constitutes an unauthorized disclosure under this Order.

12. Documents may be filed under seal as provided in Judge Schofield's Rule I.D.3 except the time for filing a motion seeking to seal or redact filings is modified as follows. Where a Party files a motion seeking approval to seal or redact information from documents that are to be publicly filed, within 10 days of the filing of such motion, any Party (including the Party filing the motion) may file on ECF additional support for such motion or its own motion to seal such information. Any information sought to be sealed or redacted shall remain under seal until such motion is finally decided. **Any such supplemental filing shall reference this provision permitting it. LGS**

13. Any Party who either objects to any designation of confidentiality, or who, by contrast, requests still further limits on disclosure greater than those indicated by the Designating Party, may at any time prior to the trial of the Action serve upon counsel for the Designating Party a written notice stating the grounds for the objection or request. If agreement cannot be reached after a good faith effort to resolve the dispute, counsel for all affected persons will address their dispute to this Court in accordance with Judge Schofield's Rule II.B.2. A Party or Third Party does not waive its right to challenge a confidential designation by electing not to mount a challenge promptly after the original designation is disclosed. The burden of persuasion in any such challenge shall be on the Designating Party. Unless the Designating Party has agreed to change the confidentiality designation, all Parties and Third Parties shall continue to afford the material in

question the level of protection to which it is entitled under the Designating Party's designation until the Court rules on the challenge and, in so ruling, disallows or alters the designation.

14. Each person who has access to Discovery Material that has been designated as Protected Material shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material. A Receiving Party must store and maintain any received Protected Material in a secure manner to limit access to the persons authorized under this Protective Order.

15. This Protective Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). If, in connection with this Action, a Party discloses information subject to a claim of attorney-client privilege or attorney-work-product protection ("Inadvertently Disclosed Information"), the disclosure does not operate as a waiver of such privilege or protection if the disclosure is inadvertent. The provisions of Federal Rule of Evidence 502(b)(2) and (3) are inapplicable to the production of documents or information under this Protective Order. Specifically, there has been no waiver if a Party inadvertently discloses privileged or confidential protected information, regardless of whether the Party took reasonable steps to prevent the disclosure or to rectify the error (unless the Party does not take reasonable steps to rectify the error after being notified by the Receiving Party of Suspected Inadvertently Disclosed Information, defined below).

16. A Producing Party claiming to have inadvertently disclosed information subject to a claim of attorney-client privilege or attorney-work-product protection shall, within five business days, provide written notice to the Receiving Party. Except as provided in Section 17, the Receiving Party shall not thereafter review or use that information for any purpose. The Receiving Party shall, within five business days of receiving the aforementioned written notice, return or destroy all copies of that information and any notes or other writings or recordings that copy, summarize,

reflect, discuss, or are derived from that information, and shall provide written confirmation that all such information has been returned or destroyed.

17. As with any information redacted or withheld, the Receiving Party may seek an order from the Court compelling production of the information subject to a claim of attorney-client privilege or attorney-work-product protection. The motion shall be filed under seal to the extent it reveals the inadvertent or unintentionally disclosed information. Nothing in this Order shall limit the right of any party to request an *in camera review* of the Inadvertently Disclosed Information. The Producing Party retains the burden of establishing the privileged or protected nature of the information and that, pursuant to Section 16 and Federal Rule of Evidence 502(b), the privilege or protection has not been waived through disclosure. Unless the Designating Party has agreed to withdraw the claim of privilege or other protection with respect to Inadvertently Disclosed Information, the Inadvertently Disclosed Information shall enjoy the protection claimed by the Designating Party unless and until the Court, in ruling on the aforesaid motion for an order compelling production, invalidates or otherwise overrules the protection claimed by the Designating Party.

18. If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must promptly (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve or obtain the destruction of all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Protective Order, and (d) request such person or persons to execute the Non-Disclosure Agreement (Exhibit A hereto).

19. Nothing in this Protective Order will prevent any Party or Receiving Party from producing any Protected Material in its possession in response to a lawful subpoena or other compulsory process, or if required by law or by any government agency having jurisdiction, provided that such Party follows the procedures set forth herein. If a Party or Receiving Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in the Action as Protected Material that Party or Receiving Party must: (a) promptly provide written notice to the Designating Party, such notification to include a copy of the subpoena or court order; (b) promptly provide written notice to the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Protective Order; and (c) if the Designating Party timely seeks a protective order, the Party or Receiving Party served with the subpoena or court order shall, to the extent permitted by applicable law, not produce any Protected Material before a determination by the court from which the subpoena or order issued. The Designating Party shall bear the burden and expense of seeking protection in that other court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party to disobey a lawful directive from another court.

20. The terms of this Protective Order are applicable to information provided by a Third Party in the Action, which may be designated as Protected Material. Nothing in these provisions should be construed as prohibiting a Third Party from seeking additional protections.

21. Even after final disposition of the Action, the obligations imposed by this Protective Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims

and defenses in the Action, with or without prejudice; and (2) final judgment in the Action after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews in the Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

22. This Protective Order shall survive the termination of the Action. After the final disposition of the Action, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this section, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not to the same person or entity, to the Designating Party) by the 60 day deadline that affirms that the Receiving Party has not retained any Protected Material and that the Receiving Party destroyed, to the extent practical, all Protected Material contained in any material provided to or responses generated by any Generative AI tool the Receiving Party used. Notwithstanding this provision, Outside Counsel of Record are permitted to retain archival copies of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contained Protected Material.

23. Nothing contained in this Protective Order will be construed as (a) a waiver by a Party or person of its right to object to any discovery request; (b) a waiver of any privilege or protection; (c) a ruling regarding the relevance or admissibility of any document, testimony or otherwise; (d) a waiver by a Party of any right to object to the relevance or admissibility of any document, testimony, or other evidence in the Action, or any other proceeding; or (e) a waiver by a Party or

person of any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order.

24. The protections conferred by this Protective Order cover not only Protected Material, but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties, their Outside Counsel of Record and House Counsel, or their Experts that reveals Protected Material. Any use of Protected Material at trial or at any hearing in the Action shall be governed by the orders of the trial judge. This Protective Order does not govern the use of Protected Material at trial or at any hearing in the Action.

25. This Court shall retain jurisdiction over all persons subject to this Protective Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof. Nothing in this Protective Order abridges the right of any Party to seek its modification by the Court in the future.

26. The parties acknowledge that the Court retains discretion as to whether, in Orders and Opinions, to afford confidential treatment to information that the parties have redacted, sealed or designated as confidential.

**SO STIPULATED AND AGREED.**

Dated: July 30, 2026

SUSMAN GODFREY LLP

By:/s/ Seth Ard__________
Seth Ard
Ryan Kirkpatrick
Zach Savage
Max Straus
One Manhattan West
New York, NY 10001
Telephone: (212) 336-8330
Facsimile: (212) 336-8340
sard@susmangodfrey.com
rkirkpatrick@susmangodfrey.com
zsavage@susmangodfrey.com
mstraus@susmangodfrey.com

Steven G. Sklaver
Glenn Bridgman
Kimberly Page
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (310) 789-3100
Facsimile: (310) 789-3150
ssklaver@susmangodfrey.com
gbridgman@susmangodfrey.com
kpage@susmangodfrey.com
*Attorneys for Plaintiff BlackOak Delaware HoldCo LLC, as general partner for BlackOak Delaware HoldCo LP, on behalf of itself and all others similarly situated*

MILBANK LLP

By: /s/ Stacey J. Rappaport____
Stacey J. Rappaport
Robert C. Hora
Jonathan Lamberti
55 Hudson Yards
New York, New York 10001
Telephone: 212-530-5000
Facsimile: 212-530-5219
srappaport@milbank.com
rhora@milbank.com
jlamberti@milbank.com

*Attorneys for Defendant Metropolitan Life Insurance Company*

**EXHIBIT A**

**Non-Disclosure Agreement**

I, ____________________________, acknowledge that I have read and understand the Protective Order entered on __________, 20____, in *BlackOak Delaware HoldCo LLC, as general partner for BlackOak Delaware HoldCo LP v. Metropolitan Life Insurance Company*, Case No. 1:25-cv-05749-LGS, pending in the United States District Court for the Southern District of New York, which governs the non-disclosure of those portions of Discovery Material (as defined in the Protective Order) that have been designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to the Protective Order. I agree to comply with and be bound by the provisions of the Protective Order. I agree that I will not disclose such Protected Material (as defined in the Protective Order) to anyone other than those specifically authorized by the Protective Order. I shall not copy or use such documents except for the purposes of this litigation and pursuant to the terms of the Protective Order.

No later than 30 days after the conclusion of the litigation I will either (i) return all Protected Material to the party or attorney from whom I received it or (ii) destroy such Protected Material. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Dated: ____________________ ________________________________________